James A. Fitzgerald, Esq. Town Attorney, Stony Point
You ask whether the town supervisor may order the installation of a time clock to record employee arrival and departure times or whether the approval of the town board is required. Town employees are currently represented by an employee organization.
Public employees have the right to join employee organizations and to be represented by them in collective negotiations with a public employer to determine the terms and conditions of their employment (Civil Service Law, Public Employees' Fair Employment Act, §§ 202, 203). The refusal of a public employer to negotiate in good faith with the recognized employee organization constitutes an improper practice (id. 209-a [1] [d]). The State Public Employment Relations Board (PERB) has established procedures to prevent improper practices by employers and employee organizations (id. § 205 [5] [d]; Civil Service Law, Rules and Regulations of Public Employment Relations Board, Chapter VII, Part 204).
If the installation of a time clock is a new term and condition of employment, the public employer may not unilaterally order its installation but must enter into good faith negotiations with the employee organization to avoid commission of an unfair practice (id. § 203, 209-a [1] [d]). We have enclosed two PERB decisions for your information and guidance. In the Matter of Island Trees Union Free SchoolDistrict, 10 PERB 4590 (Oct. 14, 1977) the hearing officer decided that a change from signing time sheets to punching time clocks is a mechanical change, and does not amount to a new term and condition of employment. In the Matter of Hampton Bays School District, 10 PERB 4596 (Oct. 28, 1977) the hearing officer decided that the employer's unilateral imposition of a requirement that employees record their times of arrival and departure, where there was no existing policy for employee timekeeping, constituted an improper practice. It was found in that case that the employer had introduced a new term and condition of employment unilaterally, thereby violating section 209-a (1) (d) of the Civil Service Law, which requires good faith negotiations. The hearing officer noted that there was no explicit waiver in the agreement of the right to negotiate this term and condition of employment.
We suggest that you review the enclosed decisions in the context of the agreement between your town and the employee organization and in light of your existing timekeeping practices, if any, to determine whether installation of a time clock amounts to a new term and condition of employment.
If collective negotiations are required, the town board, as the legislative body of the town, would be required to authorize a representative of the town to execute any agreement reached. If the town can unilaterally install the time clock, the authority of the supervisor to order its installation will depend upon his scope of authority under local rules.
We conclude that a public employer should examine its contract with an employee organization and existing timekeeping practices to determine whether the installation of a time clock is a term and condition of employment requiring collective negotiations to authorize installation. A proposed agreement between a town and an employee organization must be approved by the town board.